IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOYCE BRANCH-WILLIAMS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-12-206 |
| ROBERT DAVIS, BETH CARR, JEFFREY M. CRAIG, KAREN THOMAS, RICK WRIGHT, CHARLES J. JOHNSON, MISTY POE, JOHN BERRY, and PATRICK McFARLAND | * * * * | |
| Defendants | * | |

***

## MEMORANDUM

The above-captioned complaint was filed by plaintiff, pro se, on January 20, 2012, together with a motion to proceed in forma pauperis ("IFP"). Because plaintiff appears to be indigent, the IFP motion shall be granted.

Plaintiff claims that defendants, whom she identifies as "the Office of Human Resource Management and its team of Human Resource Specialists," conspired with Regional Managers Philip Homme and David Terry Luper to commit "fraud, perjury, slander, libel, false statements, defamation of character, and to knowingly and willfully inflict emotional distress" against her. ECF No. 1 at p. 2. The alleged conduct occurred in a series of e-mail exchanges dating back to March 23, 2005, and March 16, 2006. *Id*. According to plaintiff, she suffered from a "tortious injury" and her "professional credibility as a licensed Master's Social Worker is irrevocably lost." *Id*. at p. 3. Further, plaintiff alleges that defendants breached a contract with her, although she does not describe the substance of the contractual agreement. In addition, plaintiff claims

she lost her license because she was unable "to maintain CEU credits to maintain an active license" and, as a result she lost her home.[1]  She seeks monetary damages in addition to "annual leave pay, step increase pay, grade increase, cost of living increase, health insurance retirement benefits, 401 K, TSP plus interest on all that applies and any other benefits ordered by the court." ECF No. 1 at p. 4.

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as well as a short and plain statement of the claim showing that the pleader is entitled to relief.  Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

Although a complaint need not contain detailed allegations, the facts alleged must be sufficient to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 547.

Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp*., 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to

---

[1] Plaintiff does not explain what "CEU" credits are.

enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989).

The court has thoroughly examined the complaint, and is mindful that pleadings filed by a self-represented plaintiff are "'held to less stringent standards then formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nevertheless, I am of the view that the complaint does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with conclusory assertions regarding claims of defamation, fraud, and breach of contract, unaccompanied by descriptions of the conduct attributable to defendants to support these conclusions. Moreover, the only dates provided in the complaint occurred five or more years ago, indicating that much of what plaintiff is alleging is most probably time-barred. Thus, even after affording the matter a generous construction, the court cannot determine the precise nature and jurisdictional basis of the complaint and how each named defendant is involved.

It is well settled that allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512, (2002) (internal quotation marks omitted). The complaint satisfies neither requirement. Thus, the complaint will be dismissed, without prejudice, by separate order.

<u>January 31, 2012</u>                                    /s/_____
Date                                                                Ellen L. Hollander
                                                                         United States District Judge